PER CURIAM.
The state seeks review of the trial court’s dismissal of an information charging appellee with trafficking in cocaine. We reverse.
Appellee filed an improperly sworn motion to dismiss the state’s information on the ground that the facts alleged were insufficient to establish a prima facie case of conspiracy to traffick in cocaine. The state responded with a “Motion to Strike and/or Traverse” in which it did not refute the truth of the facts alleged, but stated that there were other facts, not mentioned in either the information or motion to dismiss, that supported the conspiracy charge. The state also proffered testimony by the arresting undercover officer which supported the existence of a conspiracy. The court refused to consider the testimony and dismissed the information.
The state argues that the court abused its discretion by refusing to consider the testimony proffered in conjunction with their previously filed “Motion to Strike and/or Traverse.” We agree. Under Florida Rule of Criminal Procedure 3.190(d) trial courts have discretion to “receive evidence on any issue of fact necessary to the decision on the motion.” The state’s “Motion to Strike and/or Traverse” informed the court that other evidence existed relevant to the issue of conspiracy. The subsequently proffered testimony constituted this evidence and revealed facts supporting the state’s charge of conspiracy. We hold that the trial court erred when it refused to consider the proffered testimony which, in conjunction with the state’s motion, was sufficient to rebut appellants motion to dismiss.
Accordingly, we reverse the dismissal and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED.
DELL, STONE and GARRETT, JJ., concur.